OPINION
{¶ 1} The defendant-appellant, Bernard Pitts ("Pitts"), appeals the judgment of the Allen County Common Pleas Court sentencing him to an aggregate prison term of five years.
 {¶ 2} On November 12, 2004, the Allen County Grand Jury indicted Pitts on four counts of trafficking in cocaine, violations of R.C. § 2925.03(A), felonies of the third degree, and one count of possession of cocaine, a violation of R.C. § 2925.11(A), a felony of the fourth degree. On February 28, 2005, the trial court held a change of plea hearing. Pitts pled guilty to counts one, two, and five of the indictment. The State of Ohio dismissed the remaining charges and did not make a sentencing recommendation. The trial court's judgment entry and the written plea agreement were filed on February 28, 2005.
 {¶ 3} On April 11, 2005, the trial court held a sentencing hearing and filed its sentencing judgment entry. The trial court sentenced Pitts to serve a mandatory two year prison term on count one, a mandatory two year prison term on count two, and a twelve month prison term on count five. The trial court ordered the prison terms to be served consecutively for an aggregate sentence of five years. Pitts appeals from the trial court's sentence and asserts the following assignments of error:
The Trial Court erred in sentencing the Defendant by not imposing aminimum sentence, in violation of R.C. § 2929.14(B).
 The Trial Court erred in sentencing the Defendant by imposingconsecutive sentences, in violation of R.C. § 2929.14(E)(4).
 Sentencing in this case violated the Apprendi doctrine as explained inBlakely v. Washington and was therefore unconstitutional.
 {¶ 4} An appellate court may not modify a trial court's sentence unless it finds by clear and convincing evidence that the record does not support the trial court's findings or the sentence is contrary to law. R.C. § 2953.08(G)(2); State v. Jackson, 3rd Dist. No. 1-04-52, 2005-Ohio-1083, at ¶ 30. Clear and convincing evidence is that measure or degree of proof, which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established.Jackson, supra at ¶ 30 (citations omitted). Because the trial judge is in the better position to observe the defendant, an appellate court should not simply substitute its judgment for that of the trial court. Id. (citations omitted).
 {¶ 5} In the first assignment of error, Pitts contends that the trial court's reasons for imposing prison terms greater than the statutory minimums were not supported by the facts. R.C. § 2929.14(B) states in pertinent part:
if the court imposing a sentence upon an offender for a felony electsor is required to impose a prison term on the offender, the court shallimpose the shortest prison term authorized for the offense pursuant todivision (A) of this section, unless one or more of the followingapplies:
 (1) The offender was serving a prison term at the time of the offense,or the offender previously had served a prison term.
 (2) The court finds on the record that the shortest prison term willdemean the seriousness of the offender's conduct or will not adequatelyprotect the public from future crime by the offender or others.
 {¶ 6} In this case, the violations for trafficking in cocaine were felonies of the third degree, which carry mandatory sentences of either one, two, three, four, or five years in prison. R.C. §§2925.03(A);(C)(4)(d); 2929.14(A)(3). The violation for possession of cocaine is a felony of the fourth degree, which carries a sentence of either six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months in prison. R.C. §§2925.11(A);(C)(4)(b); 2929.14(A)(4). Therefore, the trial court was required to sentence Pitts to one year in prison on count one, one year in prison on count two, and six months in prison on count five unless it made the findings required by R.C. § 2929.14(B).
 {¶ 7} Pitts was not serving a prison term at the times of the offenses, and he had never previously served a prison term. Therefore, R.C. § 2929.14(B)(1) is inapplicable. However, the trial court did make the findings required under R.C. § 2929.14(B)(2) when it stated the following:
[t]he Court finds on every count that the shortest prison termis not required. The Court finds that the shortest prison term ineither of the counts would not adequately protect the public fromfuture crime by this defendant or others. Also, the Court finds,again, because of the reasons I've already stated with respect toconsecutive sentencing, the Court finds the shortest prison termwould demean the seriousness of the defendant's conduct.
Hearing Tr., Jun. 20, 2005, 37:3-8. The reasons cited for making the finding under R.C. § 2929.14(B)(2) include that the defendant sold drugs for "money-making purposes, or for hire" and the amounts were not "just small ten, twenty, or even fifty dollar amounts. These were substantial amounts of cocaine." Id. at 36:19-23. Therefore, we find clear and convincing evidence to support the trial court's sentence of two years in prison on count one, two years in prison on count two, and twelve months in prison on count five. The first assignment of error is overruled.
 {¶ 8} In the second assignment of error, Pitts contends that the trial court failed to properly apply the facts when it imposed consecutive sentences. When a trial court sentences an offender for multiple offenses, it is required to impose those sentences concurrently unless it makes the findings required under R.C. § 2929.14(E)(4). The requirements of R.C. § 2929.14(E)(4) are threefold. First, the trial court must find that consecutive sentences are necessary to protect the public from future harm or to punish the offender. Second, the trial court must find that consecutive sentences are not disproportionate to the seriousness of the conduct and the danger posed to the public. Third, the trial court must make at least one of the three findings in R.C. §2929.14(E)(4)(a)-(c), which provide:
(a) The offender committed one or more of the multiple offenses whilethe offender was awaiting trial or sentencing, was under a sanctionimposed pursuant to section 2929.16, 2929.17, or 2929.18 of the RevisedCode, or was under post-release control for a prior offense.
 (b) At least two of the multiple offenses were committed as part of oneor more courses of conduct, and the harm caused by two or more of themultiple offenses so committed was so great or unusual that no singleprison term for any of the offenses committed as part of any of thecourses of conduct adequately reflects the seriousness of the offender'sconduct.
 (c) The offender's history of criminal conduct demonstrates thatconsecutive sentences are necessary to protect the public from futurecrime by the offender.
The trial court is required to make these findings and state its reasons therefore on the record at the sentencing hearing. State v.Comer, 99 Ohio St. 3d 463, 2003-Ohio-4165, 793 N.E.2d 473, at ¶¶ 20-21.
 {¶ 9} In ordering Pitts to serve consecutive sentences, the trial court made the following findings: "it's necessary to protect the public and punish the defendant. . . . consecutive terms are not disproportionate to the conduct of the defendant. . . . it's necessary to punish the defendant for the amounts and that consecutive terms are not disproportionate to the defendant's conduct." Hearing Tr., at 36-37. The trial court reasoned that Pitts had sold cocaine to make money, or for hire, and the amounts of drugs involved were large. Id. at 36:19-23. However, the trial court only made the first two findings required under R.C. § 2929.14(E)(4) and failed to make any of the findings under R.C. §2929.14(E)(4)(a)-(c). Therefore, we cannot find by clear and convincing evidence that the record supports consecutive sentences. The second assignment of error is sustained.
 {¶ 10} In his third assignment of error, Pitts contends that the trial court erred by sentencing him to prison terms greater than the statutory minimums for each offense. The basis of this argument is without specific findings made by the jury or admissions made by the defendant, imposing a sentence greater than the statutory minimum violates the holding inBlakely v. Washington (2004), 542 U.S. 296. We have previously addressed this issue in State v. Trubee, 3rd Dist. No. 9-03-65, 2005-Ohio-522. InTrubee, we held:
[u]nlike the Washington statute, the sentencing "range" created byR.C. 2929.14(B) is not "the maximum sentence a judge may impose solely onthe basis of facts reflected in the jury verdict or admitted by thedefendant.". . . Rather it limits a defendant's potential sentence withinthe statutory range created by R.C. 2929.14(A). Put simply, the factsreflected in a jury verdict convicting a defendant of a third degreefelony allow a sentence of up to five years. R.C. 2929.14(B) merelylimits judicial discretion in sentencing within that range.
Id. at ¶ 23 (citations omitted). Thus, Blakely, supra does not apply to the Ohio sentencing statutes. The third assignment of error is overruled.
 {¶ 11} The judgment of the Allen County Common Pleas Court is affirmed in part and reversed in part. This matter is remanded for additional proceedings.
Judgment Affirmed in Part, Reversed in Part, and Cause Remanded.
 CUPP, P.J. and SHAW, J., concur.