OPINION
{¶ 1} The defendant-appellant, Bernard Pitts ("Pitts"), appeals the judgment of the Allen County Common Pleas Court sentencing him to an aggregate prison term of five years.
 {¶ 2} On November 12, 2004, the Allen County Grand Jury indicted Pitts on four counts of trafficking in cocaine, violations of R.C. 2925.03(A), felonies of the third degree, and one count of possession of cocaine, a violation of R.C.2925.11(A), a felony of the fourth degree. On February 28, 2005, the trial court held a change of plea hearing. Pitts pled guilty to counts one, two, and five of the indictment. The State of Ohio dismissed the remaining charges and did not make a sentencing recommendation. The trial court's judgment entry and the written plea agreement were filed on February 28, 2005.
 {¶ 3} On April 11, 2005, the trial court held a sentencing hearing and filed its sentencing judgment entry. The trial court sentenced Pitts to serve a mandatory two year prison term on count one, a mandatory two year prison term on count two, and a twelve month prison term on count five. The trial court ordered the prison terms to be served consecutively for an aggregate sentence of five years. Pitts appealed his sentence, and pursuant to State v. Trubee, 3rd Dist. No. 09-03-65, 2005-Ohio-552, we affirmed in part and reversed in part the trial court's judgment entry. See State v. Pitts, 3rd Dist. No. 01-05-33,2005-Ohio-5896. The cause was remanded to the trial court for further proceedings. Id.
 {¶ 4} On December 15, 2005, the trial court conducted a re-sentencing hearing and filed its judgment entry of re-sentencing. At that time, the trial court imposed a two year prison term on count one, a two year prison term on count two, and a 12 month prison term on count five. The trial court ordered all prison terms to be served consecutively for an aggregate sentence of five years in prison. Pitts appeals and asserts the following assignment of error:
Sentencing in this case violated the Apprendi doctrine asexplained in Blakely v. Washington and was thereforeunconstitutional.
 {¶ 5} In the sole assignment of error, Pitts contends the trial court erred by sentencing him to non-minimum and consecutive sentences. The basis of this argument is without specific findings made by the jury or admissions made by the defendant, imposing a sentence greater than the statutory minimum violates the holding in Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403. In this case, the trial court imposed a sentence greater than the lowest possible sentence under R.C. 2929.14(B)(2) and consecutive sentences under R.C. 2929.14(E). Recently, the Ohio Supreme Court determined that both R.C. 2929.14(B)(2) and 2929.14(E) are unconstitutional because they require trial courts to make factual findings, which have not been determined by a jury or were not admitted by the defendant. State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, at paragraphs 1 and 3 (citing United States v. Booker (2005),543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621; Blakely, supra; andApprendi v. New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348,147 L.Ed.2d 435).
 {¶ 6} Because the Supreme Court found 2929.14(B)(2) and (E)(4) unconstitutional, it determined that the sentences imposed in pending cases and those cases on direct appeal are void and must be remanded to the trial courts. Id. at ¶¶ 103-104. Because Pitts' case was on direct appeal at the time Foster was decided, we are required to vacate the sentence and remand this cause to the trial court for additional proceedings. The sole assignment of error is sustained.
 {¶ 7} Pitts also argues that remanding the case to the trial court would violate his due process rights because the effect ofFoster is to create an ex post facto law. Pitts argues, underBouie v. Columbia (1964), 378 U.S. 347, 84 S.Ct. 1697,12 L.Ed.2d 894, the test is "whether the late action of the judiciary was unforeseeable at the time of the commission of the offense." Pitts contends that the Foster decision did not create a new sentencing procedure, but merely erased a presumption that was beneficial to the defendant, which was a remedy not anticipated. However, these issues are not properly before us because Pitts has yet to be sentenced, so the argument is not well-taken.
 {¶ 8} The sentence of the Allen County Common Pleas Court is vacated, and this cause is remanded for further proceedings.
Judgment vacated and cause remanded.
Shaw and Cupp, JJ., concur.