OPINION
{¶ 1} Appellant, Synthia L. Rady, appeals from the December 30, 2005 judgment entry of the Lake County Court of Common Pleas, in which she was sentenced for theft from an elderly person, theft, and forgery.
 {¶ 2} On October 25, 2005, appellee, the state of Ohio, charged appellant by way of information with three counts: count one, theft from an elderly person, a felony of the second degree, in violation of R.C. 2913.02(A)(1); count two, theft, a felony of the fifth degree, in violation of R.C. 2913.02(A)(1); and count three, forgery, a felony of the fifth degree, in violation of R.C. 2913.31(A)(3). Appellant entered a written plea of guilty to the charges on November 21, 2005. In an entry dated November 21, 2005, the trial court accepted appellant's guilty plea and deferred sentencing to a later date.
 {¶ 3} A sentencing hearing was held on December 22, 2005. Pursuant to its December 30, 2005 judgment entry, the trial court sentenced appellant to serve a prison term of four years on count one, ten months on count two, and ten months on count three. The trial court ordered that the sentences were to be served concurrently to one another. It is from that judgment that appellant filed a timely notice of appeal and makes the following assignments of error:
 {¶ 4} "[1.] The trial court erred to the prejudice of [appellant] when it sentenced her to prison in contradiction to R.C. 2929.14(B) which sentence is contrary to law.
 {¶ 5} "[2.] The trial court erred to the prejudice of [appellant] when it sentenced her to more than the minimum prison term which sentence is contrary to law.
 {¶ 6} "[3.] The trial court erred when it sentenced [appellant] to prison instead of community control and in sentencing [her] to more than the minimum prison term based upon a finding of factors not found by the jury or admitted by [appellant] in violation of [appellant's] state and federal constitutional rights to trial by jury.
 {¶ 7} "[4.] The sentence violates the Due Process Clause and the Ex Post Facto provisions of the United States and Ohio Constitutions."
 {¶ 8} In her first assignment of error, appellant argues that the trial court erred by sentencing her to prison in contradiction to R.C. 2929.14(B). In her second assignment of error, appellant contends that the trial court erred by sentencing her to more than the minimum prison term. In her third assignment of error, appellant alleges that the trial court erred by sentencing her to more than the minimum prison term instead of community control.
 {¶ 9} Because appellant's first, second, and third assignments of error are interrelated, we will address them in a consolidated manner.
 {¶ 10} In sentencing appellant, the trial court relied upon judicial fact-finding, formerly mandated by statute, but now deemed unconstitutional and void by the Supreme Court of Ohio. On that basis, appellant's first, second, and third assignments of error are with merit.
 {¶ 11} Appellant's sentence in this case is impacted by the recent decision of the Supreme Court of Ohio in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. In Foster, at paragraph one of the syllabus, the Supreme Court held that R.C.2929.14(B) is unconstitutional for violating the Sixth Amendment because it deprives a defendant of the right to a jury trial, pursuant to Apprendi v. New Jersey (2000), 530 U.S. 466, andBlakely v. Washington (2004), 542 U.S. 296.
 {¶ 12} Further, pursuant to United States v. Booker (2005),543 U.S. 220, the Supreme Court's remedy was to sever the unconstitutional provisions of the Revised Code, including R.C.2929.14(B). After severance, judicial fact-finding is not required before imposing more than the minimum sentence. Foster
at paragraph two of the syllabus.
 {¶ 13} Since Foster was released while this case was pending on direct review, appellant's sentence is void, must be vacated, and remanded for resentencing. Foster at ¶ 103-104. Upon remand, the trial court is no longer required to make findings or give its reasons for imposing maximum, consecutive or more than the minimum sentences. Id. at paragraph seven of the syllabus.
 {¶ 14} Appellant's first, second, and third assignments of error are with merit.
 {¶ 15} In her fourth assignment of error, appellant maintains that her sentence violates the Due Process Clause and the Ex Post Facto provisions of the United States and Ohio Constitutions.
 {¶ 16} We note that because appellant has yet to be sentenced, her fourth assignment of error is premature. State v.Pitts, 3d Dist. No. 1-06-02, 2006-Ohio-2796, at ¶ 7; State v.Lathan, 6th Dist. No. L-03-1188, 2006-Ohio-2490, at ¶ 12; Statev. McKercher, 3d Dist. No. 1-05-83, 2006-Ohio-1772, at ¶ 6.
 {¶ 17} Appellant's fourth assignment of error is without merit.
 {¶ 18} For the foregoing reasons, appellant's first, second, and third assignments of error are with merit. Appellant's fourth assignment of error is not well-taken. The sentence imposed by the Lake County Court of Common Pleas is vacated. This case is reversed and remanded for resentencing for proceedings consistent with this opinion pursuant to Foster.
Grendell, J., Rice, J., concur.