JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, Perry Reid ("Reid"), appeals his sentence. Finding some merit to the appeal, we vacate his sentence and remand for resentencing.
 {¶ 2} In 2003, Reid was convicted of four counts of rape, gross sexual imposition, and kidnapping and was sentenced to life in prison. This court affirmed his conviction, but remanded the matter for a new sentencing hearing and merger of the allied offenses. State v. Reid, Cuyahoga App. No. 83206,2004-Ohio-2018.
 {¶ 3} At resentencing, the trial court sentenced Reid to life in prison on counts one and two of the indictment, which involved rape of a minor less than 13 years of age. The four kidnapping convictions were merged with counts one and two. The court sentenced him to 10 years on counts eleven and twelve, which involved rape of a minor over the age of 13. The court further sentenced Reid to five years on counts 35, 36, 37, and 38 for gross sexual imposition of a minor less than 13 years of age, and eighteen months on counts 45, 46, 47, and 48 for gross sexual imposition of a minor over the age of 13. All sentences were to be served consecutively.
 {¶ 4} Reid appeals his sentence, arguing as his sole assignment of error that the trial court erred in imposing a sentence pursuant to statutes held to be unconstitutional byState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470. The State concedes that Reid's sentence should be vacated and the case remanded for resentencing. We agree.
 {¶ 5} The trial court imposed maximum and consecutive sentences pursuant to R.C. 2929.14(B) and (C) and (E)(4),2929.19(B)(2), 2929.41(A), which the Ohio Supreme Court has since declared unconstitutional and excised from the statutory scheme.Foster, supra, applying United States v. Booker (2005),543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621; Blakely v. Washington
(2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, andApprendi v. New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348,147 L.Ed.2d 435.
 {¶ 6} As a result, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Foster, at paragraph 7 of the syllabus, and Statev. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, paragraph three of the syllabus. A defendant, however, who was sentenced under the unconstitutional and now void statutory provisions must be resentenced. Foster, supra at ¶¶ 103-106.
 {¶ 7} We conclude that the trial court relied on severed, excised, and unconstitutional statutes in imposing Reid's maximum and consecutive sentences. Therefore, his sentences are vacated, and the matter is remanded for resentencing in accordance withFoster.
 {¶ 8} We further find Reid's argument that Foster violates his right against ex post facto legislation to be premature. This issue is not ripe for our review because Reid has yet to be sentenced under Foster. See State v. Rady, Lake App. No. 2006-L-012, 2006-Ohio-3434; State v. Pitts, Allen App. No. 01-06-02, 2006-Ohio-2796; State v. Lathan, Lucas App. No. L-03-1188, 2006-Ohio-2490; State v. Sanchez, Defiance App. No. 4-05-47, 2006-Ohio-2141; State v. McKercher, Allen App. No. 1-05-83, 2006-Ohio-1792.
 {¶ 9} Accordingly, the assignment of error is sustained in part, and overruled in part.
Sentence vacated, and case remanded for resentencing.
It is ordered that appellant recover of appellee his costs herein taxed.
It is ordered that a special mandate issue from this court to the Cuyahoga County Court of Common Pleas to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., J. concurs Corrigan, J. concurs in judgmentonly.