JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Ronnie Jones, appeals his sentence in case numbers CR-462165 and CR-465938. For the reasons set forth below, we vacate his sentence and remand for resentencing.
 {¶ 2} Appellant was indicted in case number CR-462165 on one count of assault. The charge arose as a result of appellant lunging at a guard while being processed at the city jail. Appellant was found guilty of the charge by a jury.
 {¶ 3} Appellant was also indicted in case number CR-465938 on one count of domestic violence, with two furthermore clauses relating to two prior domestic violence convictions. After negotiations with the State, appellant pleaded guilty to the charge and one furthermore clause. The other furthermore clause was nolled.
 {¶ 4} A sentencing hearing was held for both cases. The trial court sentenced appellant to the maximum 12-month sentence on the assault charge and to a more than the minimum 14-month sentence on the domestic violence charge. After the court pronounced its sentence, appellant stated, presumably to his wife, the victim of the domestic violence charge and who was present in the courtroom, "You get rid of my shit, I'm going to fuck you up, bitch." After hearing that statement, the trial court increased appellant's sentence on the domestic violence charge to 15 months. Appellant now appeals his sentence. The two cases have been consolidated for appeal.
 {¶ 5} In his first assignments of error, appellant argues that the trial court engaged in fact-finding in sentencing him to more than the minimum and maximum terms.
 {¶ 6} In the recently decided case of State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, the Supreme Court of Ohio held that certain sections of Ohio's sentencing code violated the Sixth Amendment and the U.S. Supreme Court's holding in Blakely v. Washington (2004), 542 U.S. 296. Among the sections the court found unconstitutional were R.C. 2929.14(B) governing more than the minimum sentences and R.C. 2929.14(C) governing maximum sentences. Foster at paragraph one of the syllabus.
 {¶ 7} The Foster court found that the previously mentioned sentencing provisions, among others, violated the Sixth Amendment because they required a judge to engage in fact-finding before imposing a sentence greater than the maximum term authorized by a jury verdict or a defendant's admissions. Id. at ¶ 83. As the court stated, "any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Id. at ¶ 82, citing United States v. Booker
(2005), 543 U.S. 220, 125 S.Ct. 738.
 {¶ 8} The Foster court determined that the above mentioned provisions were severable from the sentencing code. Foster at paragraph two of the syllabus. Having severed the provisions, the court determined that judicial fact-finding was no longer required prior to the imposition of a more than the minimum or maximum sentence. Id.
 {¶ 9} Due to the unconstitutional sentencing provisions that were applied, the Foster court determined that the four cases it was reviewing in its opinion, in addition to "those pending on direct review," must be remanded for resentencing. Id. at ¶ 104. The court stated that the sentencing courts "shall consider" on resentencing those portions of the sentencing code unaffected byFoster, and impose any sentence within the appropriate felony range. Id. at ¶ 105.
 {¶ 10} Thus, according to Foster, this case must be remanded for resentencing. Appellant, however, argues that applying Foster to cases pending on direct appeal constitutes an unconstitutional retroactive application of the law. We find appellant's argument not ripe for our review because he has yet to be sentenced under Foster. See State v. Reid (Aug. 3, 2006), Cuyahoga App. No. 87290, citing State v. Rady, Lake App. No. 2006-L-102, 2006-Ohio-3434; State v. Pitts, Allen App. No. 01-06-02, 2006-Ohio-2796; State v. Lathan, Lucas App. No. L-03-1188, 2006-Ohio-2490; State v. Sanchez, Defiance App. No. 4-05-47, 2006-Ohio-2141; State v. McKercher, Allen App. No. 1-05-83, 2006-Ohio-1792.
 {¶ 11} Accordingly, appellant's first assignment of error is sustained as it relates to the trial court's judicial fact-finding in sentencing him, and overruled as not ripe for review as it relates to the application of Foster constituting an ex post facto law.
 {¶ 12} In his second assignment of error, appellant argues that the trial court erred by increasing his sentence on the domestic violence charge by one month after his in-court comment. Because appellant's sentence is being vacated, this second assignment of error is moot and we decline to address it. App.R. 12(A)(1)(c).
Sentence vacated; case remanded for resentencing.
This cause is remanded for further proceedings consistent with the opinion herein.
It is, therefore, ordered that appellant recover from appellee costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J., and Rocco, J., concur.