JOURNAL ENTRY AND OPINION
{¶ 1} After entering guilty pleas to charges of attempted rape and gross sexual imposition with a stipulation that he is a sexual predator, defendant-appellant Thomas Doing appeals from the sentence imposed. Appellant claims the sentence violates his right to trial by jury. He also asserts the trial court exceeded its authority by imposing "conditions" to take effect post-sentence.
 {¶ 2} Appellant additionally seeks to challenge an earlier decision by the trial court which vacated a referral of his case to the mental health docket pursuant to Loc.R. 30.1.
 {¶ 3} A review of the record reflects that in sentencing appellant, the trial court relied upon statutes that have since been declared unconstitutional in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. Consequently, his sentence must be vacated and this case remanded. Appellant's other arguments relating to his sentence are thus moot.
 {¶ 4} Appellant failed to include in his notice of appeal his challenge to the trial court's earlier order. Therefore, this court lacks jurisdiction to consider it. App.R. 3(D), 12(A)(1)(a).
 {¶ 5} Appellant originally was indicted on five counts that charged him with rape of a child under thirteen with two furthermore clauses, two counts of gross sexual imposition, and two counts of kidnapping with sexual motivation specifications.[1] His case was assigned to the regular docket of the Cuyahoga County Court of Common Pleas, Criminal Division.
 {¶ 6} After conducting some pretrial hearings, the trial court referred appellant's case to the psychiatric clinic pursuant to R.C. 2945.371. The parties stipulated to the results of the evaluation, which determined appellant was both competent to stand trial and sane at the time of the acts.
 {¶ 7} The record reflects that appellant subsequently filed a motion pursuant to Loc.R. 30.1 requesting that his case be transferred to the mental health docket ("MHD") on the basis that the psychiatric report indicated his intelligence fell within the "eligibility criteria."
 {¶ 8} Two days later, however, appellant entered into a plea agreement. By its terms, appellant entered guilty pleas to one count of attempted rape and to one count of gross sexual imposition, and stipulated to his classification as a sexual predator. The trial court conducted a plea hearing, accepted appellant's pleas, and then referred him to the probation department for a presentence report.
 {¶ 9} Pursuant to appellant's oral request, the order to the probation department included a directive to determine appellant's eligibility for a "mentally retarded offender" ("MRO") designation, because the psychiatric report indicated his "intellectual function [was] below [an] I.Q. level of 75." The court issued a separate order which denied appellant's Loc.R. 30.1 motion for an MHD transfer.
 {¶ 10} Two months later, however, the trial court inexplicably issued a journal entry referring appellant's case to the "administrative judge * * * for transfer to mental health docket." The administrative judge thereupon ordered the case transferred and reassigned to one of the MHD judges. Subsequently, the MHD judge set appellant's case for sentencing.
 {¶ 11} Four days after the scheduled "sentencing" date, the administrative judge issued a journal entry which vacated the order of transfer and returned the case to the original trial judge. The trial court scheduled a new sentencing hearing.
 {¶ 12} On that date, the trial court first conducted a sexual classification hearing; in accordance with the parties' stipulation, the court made a finding that he was a sexual predator. After listening to defense counsel, appellant, the prosecutor, and the mothers of the victims, the trial court sentenced appellant to a total term of incarceration of ten years, i.e., six years for the attempted rape conviction to be served consecutively to four years for the gross sexual imposition conviction.
 {¶ 13} The trial court further ordered that upon his release from prison, appellant was to have, inter alia, "no contact * * * with victim/victim's family" and "no unsupervised visit with any minor without a responsible adult present."
 {¶ 14} Appellant filed a notice of appeal "of his conviction," attaching thereto only the journal entry of sentence.
 {¶ 15} Appellant presents four assignments of error which are set forth verbatim as follows:
 {¶ 16} "I. Appellant was deprived of his liberty without due process of law and of his constitutional right to a trial by jury when the trial court relied on judge found facts to impose a `more than minimum' and consecutive term of imprisonment."
 {¶ 17} "II. Trial court's imposition of a sentence in excess of its statutory authority is contrary to law and violative of appellant's state and federal due process rights."
 {¶ 18} "III. Trial court's indefinite `no contact' orders constitute cruel and unusual punishment in violation of the state and federal constitution."
 {¶ 19} "IV. Appellant's arbitrary transfer off the mental health docket constitutes an abuse of discretion and violates appellant's due process rights."
 {¶ 20} Appellant's first through third assignments of error all present a challenge of his sentence. Since the challenge he presents in his last assignment of error logically precedes issues related to his sentence, this court will address it first.
 {¶ 21} Appellant claims in his fourth assignment of error that the administrative judge abused his discretion in issuing an order which vacated the MHD assignment and returned this case to the original trial judge. Unfortunately, this court lacks jurisdiction to consider his claim.[2]
 {¶ 22} Appellant's notice of appeal states it is "from the judgment of conviction" made final on the day of sentencing. Appellant attached only the order of sentence.
 {¶ 23} Pursuant to App.R. 3(D), the notice of appeal "shalldesignate judgment, order, or part thereof appealed from[.]" In turn, pursuant to App.R. 12(A)(1)(a), this court shall "[r]eview and affirm, modify, or reverse the judgment or final order appealed." Thus, a court of appeals lacks jurisdiction to review a judgment or order which is not designated in the notice of appeal. State v. Millhouse, Cuyahoga App. No. 79910, 2002-Ohio-2255, ¶¶ 49-53.
 {¶ 24} Since appellant did not designate the order which vacated the assignment of his case to the MHD in his notice of appeal, this court cannot address his fourth assignment of error.
 {¶ 25} Appellant argues in his first assignment of error that the trial court erred in imposing a sentence pursuant to statutes held to be unconstitutional in State v. Foster, supra. The state concedes this argument. Therefore, this assignment of error is sustained on this basis.
 {¶ 26} The record reflects the trial court herein imposed consecutive sentences of more than the minimum terms pursuant to R.C. 2929.14(B), (C) and (E). As this court recently observed, the Ohio Supreme Court held in Foster that those sections of the sentencing code violated Blakely v. Washington (2004), 542 U.S. 296. State v. Jones, Cuyahoga App. Nos. 87262, 87263,2006-Ohio-4100, ¶ 6; State v. Reid, Cuyahoga App. No. 87290,2006-Ohio-3978, ¶ 5.
 {¶ 27} Foster determined that in cases in which the trial court relied upon unconstitutional statutory provisions in pronouncing the sentence, the sentence must be vacated and the matter remanded for resentencing. State v. Jones, supra, ¶ 9. The trial court "shall consider" on remand "those portions of the sentencing code unaffected by Foster, and [may] impose any sentence within the appropriate felony range * * *." Id.
 {¶ 28} Appellant's remaining argument presented in his first assignment of error, viz., that applying Foster is, itself, unconstitutional, is considered by this court to be "premature."State v. Reid, supra at ¶ 8. The argument will not be addressed since appellant has not been sentenced under Foster; thus, the matter is not yet "ripe for review." Id.; State v. Jones, supra at ¶ 10.[3]
 {¶ 29} Similarly, since his sentence is vacated in its entirety pursuant to Foster, appellant's second and third assignments of error present arguments that are, at this point, moot. This court cannot know what sentence the court will choose to impose on remand, and will not under these circumstances give advisory opinions on what might be appropriate.
 {¶ 30} Appellant's second and third assignments of error, accordingly, will not be addressed. Id., at ¶ 12.
 {¶ 31} Appellant's sentence is vacated. This matter is remanded for further proceedings consistent with Foster.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, P.J. and Kilbane, J., Concur.
[1] The indictment charged appellant with victimizing two four-year-old females.
[2] Were this court able to address appellant's assignment of error, it would be inclined to overrule it. The record reflects appellant indicated after entering his guilty plea that he had other cases pending against him. Loc.R. 30.1(D)(2) and (C)(2) discourage assignment to the MHD when the defendant has other "pending" cases. Moreover, appellant failed either to object or to raise this issue at any time in the trial court, in spite of an opportunity during his sentencing hearing; therefore, he waived it for purposes of appeal.
[3] This court notes in this context, however, that the motions for reconsideration on this basis that were filed by the defendants in the Foster cases have been denied. See, State v.Foster, 109 Ohio St.3d 1408, 2006-Ohio-1703. This implies that the Ohio Supreme Court has rejected appellant's argument.