OPINION *Page 2 
{¶ 1} Defendant-appellant Bernard Pitts appeals the sentence imposed by the Allen County Court of Common Pleas. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On November 12, 2004, the Allen County Grand Jury indicted Pitts for four counts of trafficking in cocaine, violations of R.C.2925.03(A)(C)(4)(d) and third degree felonies, and possession of cocaine, in violation of R.C. 2925.11(A)(C)(4)(b), and a fourth degree felony. The trial court held a change of plea hearing on February 28, 2005. Pitts pled guilty to count one of trafficking in cocaine, count two of trafficking in cocaine, and count five of possession of cocaine. The prosecution dismissed the remaining counts.
 {¶ 3} On April 11, 2005, the trial court held a sentencing hearing. The trial court sentenced Pitts to a two year prison term on count one, a two year prison term on count two, and a twelve month prison term on count five. The trial court further ordered the sentences to be served consecutively, for a total term of five years imprisonment.
 {¶ 4} Pitts appealed his sentence to this court. On November 7, 2005, this court affirmed the trial court's judgment in part and reversed in part and the cause was remanded to the trial court. State v. Pitts, 3d. Dist. No. 1-05-33, 2005-Ohio-5896. *Page 3 
 {¶ 5} On December 15, 2005, the trial court conducted a resentencing hearing. The trial court sentenced Pitts to a two year prison term on count one, a two year prison term on count two, and a twelve month prison term on count five. The trial court ordered the sentences to be served consecutively, for a total term of five years imprisonment. Pitts again appealed the trial court's sentence to this court. State v.Pitts, 3d Dist. No. 1-06-02, 2006-Ohio-2796.
 {¶ 6} While Pitts's case was pending on direct appeal, the Ohio Supreme Court released State v. Foster, which held R.C. 2929.14(B) and R.C. 2929.14(E)(4) unconstitutional. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470, at paragraphs one and three of the syllabus, citations omitted. Since Pitts's case was pending on direct appeal when Foster was released, this court vacated Pitts sentence and remanded to the trial court for resentencing. Pitts, 2006-Ohio-2796
at ¶ 6, citing Foster, 2006-Ohio-856 at ¶¶ 103-104. Pitts also argued, in that case, that remanding to the trial court would create an ex post facto law; however, we declined to address the issue as Pitts had yet to be resentenced. Id at ¶ 7.
 {¶ 7} On July 10, 2006, the trial court again resentenced Pitts. The trial court sentenced Pitts to a two year prison term on count one, a two year prison term on count two, and a twelve month prison term on count five. The trial court *Page 4 
further ordered the sentences be served consecutively, for a total term of five years imprisonment.
 {¶ 8} It is from this sentence that Pitts appeals and sets forth one assignment of error for our review.
 ASSIGNMENT OF ERROR NO. I Trial Court imposed non-minimum, consecutive sentences on remand pursuant to an ex post facto judicially-created sentencing law, in violation of his right to freedom from such enactments and in violation of Due Process.
 {¶ 9} In his sole assignment of error, Pitts argues that the retroactive application of Foster is unconstitutional because it violates the ex post facto clause and Pitts's due process rights. Pitts argues that the Foster decision removed a presumption of minimum nonconsecutive sentences and that Pitts was entitled to rely on that presumption. Pitts also argues that Foster deprived him of a fair warning of a criminal prohibition pursuant to Bouie v. Columbia (1964),378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894.
 {¶ 10} For the reasons expressed by this court in State v.McGhee, 3d. Dist. No. 17-06-05, 2006-Ohio-5162, we find that Pitts's argument lacks merit. Pitts committed the offenses at issue after the United States Supreme Court decided Apprendi v. New Jersey (2000),530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435, which foreshadowed a major change in criminal sentencing law. And, the statutory range of sentences for the felony offenses to which Pitts pled guilty has *Page 5 
remained unchanged, thus Pitts was on notice of the potential penalties for his unlawful conduct. See McGhee at ¶¶ 16, 20; R.C. 2929.14(A).
 {¶ 11} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 SHAW and WILLAMOWSKI, JJ., concur. *Page 1