OPINION
{¶ 1} Appellant, Larry G. Lopshire, appeals from the judgment entry of the Portage County Court of Common Pleas sentencing him to an aggregate term of six years imprisonment after pleading guilty to felonious assault on a peace officer with a firearm specification. For the reasons herein, we affirm.
 {¶ 2} On June 9, 2006, the Portage County Grand Jury indicted appellant on one count of felonious assault on a police officer in violation of R.C. 2903.11(A)(2), a *Page 2 
felony of the first degree; one count of felonious assault in violation of R.C. 2903.11(A)(2), a felony of the second degree; and, one count of resisting arrest in violation of R.C. 2921.33, a felony of the fifth degree. On December 16, the Grand Jury returned an amended indictment adding a firearm specification to each count in the original indictment.
 {¶ 3} On December 29, 2005, appellant entered a written plea of guilty to felonious assault on a police officer, a felony of the first degree with a firearm specification. The guilty plea was accepted by the trial court and the matter was referred to the Adult Probation Department for a presentence investigation report.
 {¶ 4} On February 2, 2006, the trial court sentenced appellant to three years in prison for felonious assault to run consecutive to a mandatory three year term of imprisonment for the firearm specification. On August 15, 2006, this court granted appellant's motion to file a delayed appeal.
 {¶ 5} Appellant assigns the following error for our review:
 {¶ 6} "The trial court erred to the prejudice of Defendant-Appellant by failing to make findings pursuant to [R.C. 2929.14(B)] and 2929.19(B)(2)." (Sic.)
 {¶ 7} Appellant's argument asserts that the trial court erred by failing to make proper findings pursuant to the statutory scheme in effect at the time of his sentence.[1] We disagree. *Page 3 
 {¶ 8} Appellant pleaded guilty to one count of felonious assault on a police officer, a felony of the first degree, with a firearm specification pursuant to R.C. 2941.145. The minimum prison term for a felony of the first degree is three years. R.C. 2929.14(A)(1). Pursuant to R.C. 2929.14(E)(1)(a), a firearm specification carries a three year mandatory sentence which must be served "consecutively to and prior to any prison term imposed for the underlying felony * * *." Id. Appellant received a sentence of three years on the felonious assault charge and a mandatory three years on the firearm specification, to be served consecutively to the sentence imposed for the underlying felony. Appellant's aggregate sentence of six years incarceration was the minimum available penalty given the charge and specification to which he pleaded guilty.
 {¶ 9} Under S.B. 2 (i.e., the pre-Foster sentencing code), a trial court who wished to sentence a convicted defendant to (1) more-than-the-minimum sentence, (2) the maximum sentence, or (3) consecutive sentences was required to engage in judicial factfinding. See R.C. 2929.14(B), (C), and (E)(4). Moreover, a court imposing the maximum or consecutive sentences was required to support its conclusions on record at the sentencing hearing. R.C. 2929.19(B)(2). Such factfinding was deemed unconstitutional in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, and, by way of remedy, the offending provisions were severed from the Revised Code. Those portions of the sentencing code that were not affected by Foster remained in tact. Id. at ¶ 105.
 {¶ 10} Here, the trial court did not engage in any prohibited judicial factfinding and did not utilize or rely upon a provision of S.B. 2 which was adjudged unconstitutional and severed from the Code byFoster. The trial court imposed the minimum term of imprisonment for appellant's felonious assault conviction. S.B. 2 *Page 4 
required no judicial factfinding if a court decided, in its discretion, to impose the minimum sentence. Moreover, a firearm specification under R.C. 2941.145 requires a mandatory three year term of imprisonment to be served consecutive to the sentence for the underlying felony. 2929.14(E)(1). Appellant's argument is ill-founded.
 {¶ 11} That said, appellant also challenges the remedy announced underFoster. In particular, appellant asserts Foster violates the Due Process Clause and the prohibition against ex post facto laws contained in the United States Constitution.
 {¶ 12} Appellant was sentenced prior to the Supreme Court's announcement in Foster. While Foster applies to all cases pending upon direct review, appellant's sentence does not violate Foster. That is, appellant's sentence did not involve the use of the unconstitutional, now excised, statutory provisions identified in Foster. As a result,Foster has no impact on the instant sentence. However, we point out that even if Foster were applicable to the instant sentence, appellant's argument would be premature. State v. Rady, 11th Dist. No. 2006-L-012,2006-Ohio-3434, at ¶ 16.
 {¶ 13} Appellant's sole assignment of error lacks merit.
 {¶ 14} For the aforementioned reasons, appellant's assignment of error is overruled and the judgment of the Portage County Court of Common Pleas is hereby affirmed.
DIANE V. GRENDELL, J., concurs,
COLLEEN MARY OTOOLE, J., concurs in judgment only.
[1] Appellant's brief appears to argue the trial court failed to support its conclusions pertaining to the "serious and recidivism factors" under R.C. 2929.12. A trial court is not (nor has it ever been) required to justify its R.C. 2929.12 analysis with additional findings of fact within the record. The R.C. 2929.12 factors inform and guide a court's discretion in sentencing. However, its consideration of these factors neither requires explicit discussion nor justification. *Page 1