JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Nancy Harris appeals from a common pleas court order denying her motion to vacate a judgment of foreclosure. We find no error in the court's decision and affirm its judgment.
 Procedural History {¶ 2} Plaintiff-appellee Miles Landing Homeowner Association filed its complaint on May 13, 2003 to foreclose upon its lien for unpaid common property expenses, assessments and other charges against Harris's interest in a condominium unit. Harris ultimately answered and counterclaimed on August 25, 2004. She asserted that Miles Landing was unjustly enriched by the assessments it collected. She further sought a declaration that Miles Landing's lien was invalid and converted her property to its own use. She also demanded contribution for certain expenses she paid, and asserted that Miles Landing violated R.C.5311.23.
 {¶ 3} Miles Landing moved the court for summary judgment on both its complaint and Harris's counterclaim. Harris never responded to this motion. The court granted summary judgment to Miles Landing on April 28, 2005. Thereafter, the magistrate ordered foreclosure and sale of the premises. No objections were filed, and the court adopted this decision on July 14, 2005. Harris did not appeal from this decision.
 {¶ 4} Almost eleven months later, on June 2, 2006, Harris filed a motion to vacate the judgment of foreclosure. The court denied this motion, without opinion, *Page 3 
on June 20, 2006. Harris asked the court to reconsider its decision. The court denied this motion on July 12, 2006. Harris appeals from these decisions.
 Law and Analysis {¶ 5} Harris's first assignment of error claims that the court erred by failing to disqualify Miles Landing's counsel, by failing to enjoin him, John McDonald and Mark Hanslik, and by denying Harris's motion to show cause. We have no jurisdiction to consider this assignment of error because none of these issues were decided by the trial court before this appeal was filed, nor were any such rulings listed among the orders appealed in the notice of appeal. See State v. Doing, Cuyahoga App. No. 87428, 2006-Ohio-5252, ¶ 4.
 {¶ 6} Despite Harris's broad-ranging, virtually incomprehensible allegations of fraud and conspiracy, the issues we can consider in this appeal are quite limited. The only issues we may consider are the denial of her motion to vacate and the denial of the motion to reconsider, because these are the only orders from which Harris timely appealed. In considering the trial court's rulings on those motions, we can only consider the evidence before the court at the time of its decisions. Therefore, we must ignore any evidence Harris has incorporated into her brief in this appeal which was not before the trial court.
 {¶ 7} In her second assignment of error, Harris claims the court should have vacated the judgment of foreclosure pursuant to Civ.R. 60(B)(1), (2), and (3). To succeed on a motion to vacate pursuant to Civ.R.60(B), Harris had to demonstrate *Page 4 
that she had a meritorious defense or claim to present if relief was granted, that she was entitled to relief on one of the grounds stated in Civ.R. 60(B), and that her motion was made within a reasonable time and, if relief was sought under Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment was entered. GTE Automatic Elec, Inc. v. ARCIndus., Inc. (1976), 47 Ohio St.2d 146. We review the trial court's decision on a motion to vacate for abuse of discretion. Griffey v.Rajan (1987), 33 Ohio St.3d 75, 77; Adomeit v. Baltimore (1974),39 Ohio App.2d 97, 103.
 {¶ 8} Harris's motion for relief from judgment was filed approximately eleven months after the judgment of foreclosure and sale was entered, three weeks after she was given notice of the proposed sale of the premises and a mere ten days before the court-ordered sale of the premises. These facts give us pause. Harris neither responded to the summary judgment motion nor did she object to the judgment of foreclosure, nor did she appeal. The further eleven month delay before she sought relief from judgment was not reasonable. See Flores v.Beneficial Mtge. Co., Lorain App. No. 05CA8692, 2006 Ohio 393. Consequently, the trial court did not abuse its discretion by denying Harris's motion as untimely.
 {¶ 9} Furthermore, Harris did not demonstrate any grounds for relief under Civ.R. 60(B)(1), (2) or (3). Civ.R. 60(B)(1) allows a party to seek relief from a judgment on the ground of "mistake, inadvertence, surprise or excusable neglect." Harris candidly admits that she "does not know why Appellant's attorney failed to oppose Plaintiff's summary judgment motion," and suggests that we should find *Page 5 
inadvertence, mistake and/or excusable neglect "under concealed fraud involved circumstances." Miles Landing's summary judgment motion was not "concealed." Harris has presented no evidence of mistake, inadvertence, surprise or excusable neglect. Argo Plastic Products v. Cleveland
(1984), 15 Ohio St.3d 389, Ogle v. Disbrow, Lucas App. Nos. L-04-1373 L-05-1102, 2005-Ohio-4869, 4|27. The trial court did not abuse its discretion by denying relief from judgment on this ground.
 {¶ 10} Civ.R. 60(B)(2) allows the court to grant relief from judgment because of "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B)." Harris does not identify any specific evidence that was newly discovered, much less support the proposition that this evidence could not have been discovered before summary judgment was granted.[1] In any event, Harris presented no evidence to the court in opposition to Miles Landing's summary judgment motion, so the incremental effect of any newly discovered evidence is somewhat beside the point. Consequently, the trial court did not abuse its discretion by denying relief from judgment on this ground.
 {¶ 11} Finally, Civ.R. 60(B)(3) permits the court to grant relief from judgment because of "fraud * * *, misrepresentation or other misconduct of an adverse party." *Page 6 
While Harris makes conclusory allegations that various counsel and witnesses committed perjury and knowingly made false statements to the court, she does not support these allegations with specific facts ascertainable from the record. Accordingly, the trial court did not abuse its discretion by denying her motion for relief from judgment on this ground.
 {¶ 12} The second assignment of error is overruled.
 {¶ 13} Third, Harris urges that the trial court erred by failing to conduct an evidentiary hearing on her motion for relief from judgment. Appellant's motion did not allege operative facts which would warrant relief. Therefore, no hearing was required. State ex rel. Richard v.Seidner (1996), 76 Ohio St.3d 149.
 {¶ 14} Harris next claims that the court erred by failing to vacate the judgment as void because Miles Landing is a non-existent entity. The trial court determined that Miles Landing was a legal entity when it granted summary judgment to Miles Landing on the complaint and counterclaims. One of Harris's defenses to Miles Landing's complaint was that Miles Landing was not the legal party in interest; her counterclaims asserted that Miles Landing's lien was invalid. A large part of Miles Landing's brief in support of summary judgment and the evidence attached to it was devoted to proving that it was a legal entity. Harris never appealed the decision granting summary judgment to Miles Landing. Therefore, that judgment is res judicata, and conclusive on this issue.
 {¶ 15} None of Harris's assignments of error specifically address the court's order denying her motion to reconsider, so we are not obligated to address it. Nonetheless, we note that a motion to reconsider a final judgment is a nullity. Pitts v. Department of Transportation (1981),67 Ohio St.2d 378. Therefore, the court did not err by denying this motion.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., P.J., and MARY J. BOYLE, J., CONCUR
[1] Most of the evidence attached to Harris's motion for relief from judgment consists of the appellant's brief and attached exhibits filed in another appeal in another case, Miles Landing Homeowner's Associationv. Bikkani, Cuyahoga App. Nos. 86356 86942. In addition, she includes affidavits from other homeowners and various briefs and exhibits previously filed in this case. She does not explain why any allegedly pertinent information contained in these documents was not previously available to her. *Page 1