OPINION
{¶ 1} The defendant-appellant, Vincent McKercher ("McKercher"), appeals the judgment of the Allen County Common Pleas Court sentencing him to an aggregate prison term of six years.
 {¶ 2} On June 16, 2005, the Allen County Grand Jury indicted McKercher on three charges. After the indictment was twice amended,[1] McKercher was charged with one count of possession of marijuana, a violation of R.C. 2925.11(A), (C)(3)(f), a second degree felony; one count of trafficking in marijuana, a violation of R.C. 2925.03(A), (C)(3)(f), a second degree felony; one count of trafficking in marijuana, a violation of R.C. 2925.03(A), (C)(3)(d), a third degree felony; one count of permitting drug abuse, a violation of 2925.13(A), (C)(3), a fifth degree felony; and one count of engaging in a pattern of corrupt activity, a violation of R.C. 2923.32(A)(1), (B)(1), a first degree felony.
 {¶ 3} On September 9, 2005, McKercher pled guilty to two counts of trafficking in cocaine, both third degree felonies. In exchange for his plea, the State of Ohio ("State") dismissed the remaining charges. The trial court held a sentencing hearing on November 4, 2005. The court imposed a three year prison term for each count and ordered McKercher to serve them consecutively, for an aggregate sentence of six years. McKercher appeals the trial court's judgment and asserts the following assignments of error:
The Trial Court erred in sentencing the Defendant by notimposing a minimum sentence, in violation of R.C. § 2929.14(B).
 The Trial Court erred in sentencing the Defendant by imposingconsecutive sentences, in violation of R.C. § 2929.14(E)(4).
 Sentencing in this case violated the Apprendi doctrine asexplained in Blakely v. Washington and was thereforeunconstitutional.
 {¶ 4} In the third assignment of error, McKercher contends the trial court erred by sentencing him to non-minimum and consecutive sentences. The basis of this argument is without specific findings made by the jury or admissions made by the defendant, imposing a sentence greater than the statutory minimum violates the holding in Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403. In this case, the trial court imposed a sentence greater than the lowest possible sentence under R.C. 2929.14(B)(2) and consecutive sentences under R.C. 2929.14(E). Recently, the Ohio Supreme Court determined that both R.C. 2929.14(B)(2) and 2929.14(E) are unconstitutional because they require trial courts to make factual findings, which have either not been determined by a jury or not admitted by the defendant. State v. Foster, ___ Ohio St.3d ___, 2006-Ohio-856, at paragraphs 1 and 3 (citing United States v. Booker (2005),543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621; and Blakely,
supra; and Apprendi v. New Jersey (2000), 530 U.S. 466,120 S.Ct. 2348, 147 L.Ed.2d 435).
 {¶ 5} Because the Supreme Court found 2929.14(B)(2) and (E)(4) unconstitutional, it determined that the sentences imposed in pending cases and those cases on direct appeal are void and must be remanded to the trial courts. Id. at ¶¶ 103-104. Therefore, we are required to vacate McKercher's sentence and remand this cause to the trial court for additional proceedings.
 {¶ 6} In a supplemental brief, McKercher essentially argues that remanding the case to the trial court would violate his due process rights because the effect of Foster is to create an ex post facto law. McKercher argues, under Bouie v. Columbia
(1964), 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894, the test is "whether the late action of the judiciary was unforeseeable at the time of the commission of the offense." McKercher argues that the Foster decision did not create a new sentencing procedure, but merely erased a presumption that was beneficial to the defendant, which was a remedy not anticipated. However, these issues are not properly before us because McKercher has yet to be sentenced.
 {¶ 7} Having sustained the third assignment of error, the remaining assignments of error are moot. The sentence of the Allen County Common Pleas Court is vacated, and this cause is remanded for further proceedings.
Judgment vacated and cause remanded.
 Shaw and Cupp, JJ., concur.
[1] The first amended indictment was filed on July 14, 2005, and the second amended indictment was filed on August 11, 2005.