DECISION AND JUDGMENT ENTRY
{¶ 1} This is the third time that this cause is before this court.
 {¶ 2} Previously, appellant, Darek L. Lathan, was convicted in the Lucas County Court of Common Pleas on one count of aggravated robbery with a firearm specification and one count of kidnapping with a firearm specification. See State v. Lathan,
6th Dist. No. L-01-1005, 2002-Ohio-2686, at ¶ 1. This court reversed those convictions. Id. at ¶ 3.
 {¶ 3} Appellant was subsequently re-convicted in the common pleas court on one count of aggravated robbery and one count of kidnapping. The trial court imposed two concurrent six year prison terms for these convictions. Appellant appealed his convictions. See State v. Lathan, 6th Dist. No. L-03-1188,2004-Ohio-7074.
 {¶ 4} On appeal, appellant's counsel filed a brief, pursuant to Anders v. California (1967), 386 U.S. 738, stating that there were no arguable issues for appeal and asking this court for permission to withdraw. Id. at ¶ 4. As required by Anders,
appellate counsel set forth two potential assignments of error. Id. at ¶ 5. This court found that there were no arguable issues raised by appellate counsel and that appellant's appeal was wholly frivolous. Id. at ¶ 36. We therefore granted counsel's motion to withdraw and affirmed the judgment of the trial court. Id.
 {¶ 5} However, appellant filed a motion for reconsideration in which he asserted that, in our independent review, this court failed to address the effect of Blakely v. Washington (2004),542 U.S. 296 upon this cause. State v. Lathan, 6th Dist. No. L-03-1188, 2005-Ohio-321, at ¶ 3. Specifically, appellant claimed that the imposition of non-minimum six year terms of imprisonment based upon facts not considered by the jury violated his due process rights under the Fourteenth Amendment to the United States Constitution and his Sixth Amendment right to a jury trial. Id. at ¶ 4.
 {¶ 6} This court granted appellant's motion for reconsideration and reopened appellant's appeal. Id. at ¶ 10. Appellant and appellee, the state of Ohio, each filed a merit brief. In his merit brief, appellant asserts:
 {¶ 7} "The trial court erred by sentencing Mt. [sic] Lathan to non-minimum sentences without jury findings that satisfy R.C. 2929.14(B)."
 {¶ 8} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Supreme Court of Ohio applied Blakely to Ohio's felony sentencing scheme and held portions, including that section, R.C.2929.14(B), related to non-minimum sentences, of that scheme to be unconstitutional. Id. at paragraph one of the syllabus. Thus, we are required to find the assignment of error in appellant's first merit brief well-taken and to remand this cause for re-sentencing. Foster, at ¶ 103 and ¶ 104.
 {¶ 9} Nevertheless, appellant also asked this court for permission to file an amended, i.e., supplemental, appellate brief. We granted that request. In his supplemental brief, appellant sets forth the following assignment of error:
 {¶ 10} "The trial court erred by imposing an illegal sentence."
 {¶ 11} This assignment of error urges that, in Foster, the Ohio Supreme Court created a remedy, to wit, simply the severance of particular portions of Ohio's sentencing scheme, that violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the ban against ex post facto laws found in Section 10, Article I of the United States Constitution. Appellant thus maintains that even though Foster requires this court to reverse the trial court's judgment imposing non-minimum sentences on appellant and to remand this cause for the purpose of re-sentencing, we must, pursuant to Miller v. Florida
(1987), 482 U.S. 423, remand this cause with a presumption of minimum, concurrent sentences.
 {¶ 12} We find that any question of the Ohio Supreme Court's alleged constitutional violations in severing certain portions of Ohio's Sentencing Guidelines are not ripe for review. While this court has not addressed the ripeness of the issues raised by appellant, the Third Appellate District recently decided two appeals that are on point. See State v. Sanchez, 3d Dist. No. 4-05-47, 2006-Ohio-2141; State v. McKercher, 3d Dist. No. 1-05-83, 2006-Ohio-1772. In McKercher, the court appliedFoster, vacated the defendant's sentence, and remanded for re-sentencing. Id. at ¶ 5. The court then turned to the assignment raised in the defendant's supplemental brief. There, as here, the appellant contended "that remanding the case to the trial court would violate his due process rights because the effect of Foster is to create ex post facto law." Id. at ¶ 6. The appellant also argued that Foster did not "create a new sentencing procedure, but merely erased a presumption beneficial to the defendant, which was a remedy not anticipated." Id. TheMcKercher court found that these issues were not properly before it because the defendant had not yet been sentenced. Id. at ¶ 6. See, also, Sanchez, at ¶ 8. We agree with the decision of the Third Appellate District. Therefore, we conclude that appellant's supplemental assignment of error is premature.
 {¶ 13} The judgment of the Lucas County Court of Common Pleas is reversed. This matter is remanded to the trial court for a new sentencing hearing in accordance with Foster, supra. The state is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Singer, P.J., Skow, J. Concur.