DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Jeffrey Wood, appeals a sentence imposed by the Lucas County Court of Common Pleas. For the reasons that follow, the judgment of the trial court is reversed.
 {¶ 2} On October 31, 2005, appellant pleaded no contest to two counts of gross sexual imposition, each a violation of R.C.2907.05(A)(4), and each a felony of the third degree, and to two counts of rape involving a juvenile, each a violation of R.C.2907.02(A)(1)(b) and (B), and each a felony of the first degree. The charges involved the molestation of appellant's step-daughter when she was a young teen. In exchange for appellant's plea, the state agreed to enter a nolle prosequi on three additional counts, stipulate that appellant was a sexually oriented offender, and offer no sentencing recommendations.
 {¶ 3} During the plea hearing, the trial court advised appellant of his rights under Crim.R. 11. In addition, the trial court informed appellant that he could receive a sentence of up to 30 years imprisonment and a fine of up to $60,000. After finding that appellant had waived his rights, the trial court accepted appellant's plea and found him guilty.
 {¶ 4} A sentencing hearing was held on November 30, 2005. Pursuant to the trial court's December 28, 2005 judgment entry, appellant was sentenced to serve a prison term of four years on each count of gross sexual imposition, and a term of nine years on each count of rape. The trial court ordered that the sentences were to be served consecutively, for an aggregate prison term of 26 years. In addition, the trial court ordered appellant to pay a fine in the amount of $9,000 as to each count of gross sexual imposition and in the amount of $19,000 as to each count of rape, for a total fine of $56,000. These amounts were ordered to be taken from any money earned, benefits received, or royalties received in connection with the facts of this case. Finally, the trial court classified appellant as a sexually oriented offender. It is from this judgment of sentence that appellant filed a timely notice of appeal and makes the following assignment of error:
 {¶ 5} I. "THE SENTENCING COURT IMPROPERLY MADE FINDINGS OF FACT IN IMPOSING SENTENCES PURSUANT TO R.C. 2929.14 THAT WERE NOT THE SHORTEST AUTHORIZED, THAT WERE FOUND TO BE THE "WORST FORM OF THE OFFENSE", AND BY IMPOSING CONSECUTIVE SENTENCES."
 {¶ 6} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Supreme Court of Ohio held that certain sections of Ohio's felony sentencing scheme, in particular those which involved judicial fact-finding, were unconstitutional. Among the sections affected by this decision were R.C. 2929.14(B), which relates to non-minimum sentences, and R.C. 2929.14(E)(4), which relates to consecutive sentences. Id., at paragraph one of the syllabus. Because the trial court relied upon these formerly-mandated-but-now-declared-unconstitutional sections, we are required to find appellant's assignment of error well-taken and to remand this matter for resentencing.
 {¶ 7} Appellant makes an additional argument that the remedy that was adopted by the court in Foster, that is, the severance of particular portions of Ohio's sentencing scheme, violates both the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the ban against ex post facto laws as found in Section 10, Article I of the United States Constitution. Thus, it is appellant's position that we must follow Foster,
but only to the extent that we reverse the trial court's judgment imposing non-minimum and consecutive sentences on appellant and remand this case for the purpose of resentencing. According to appellant, Miller v. Florida (1987), 482 U.S. 423 requires that we additionally order, in direct contravention of Foster, that the trial court sentence appellant to minimum, concurrent sentences. Unfortunately for appellant, because he has not yet been resentenced, any question of the Ohio Supreme Court's alleged constitutional violations in severing portions of Ohio's sentencing guidelines is not currently ripe for review. State v.Lathan, 6th Dist. No. L-03-1188, 2006-Ohio-2490, at ¶ 12.
 {¶ 8} The judgment of the Lucas County Court of Common Pleas is hereby reversed. The case is remanded to the trial court for further proceedings consistent with this decision. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Handwork, J., Skow, J., Parish, J., concur.