DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from the judgment of the Lucas County Court of Common Pleas which resentenced appellant, Robert L. Harwell, on June 29, 2005,[1] sentencing him to life imprisonment, with parole eligibility after 30 years for aggravated murder, ten years for rape, ten years for aggravated burglary, and three years for the merged firearms specifications, each to run consecutively to one another, for a total of 53 years.
 {¶ 2} On appeal, appellant states the following as his sole assignment of error:
 {¶ 3} "The sentencing court improperly made findings of fact in imposing sentences pursuant to R.C. 2929.14 that were not the shortest authorized, that were found to be the `worst form of the crime', and by imposing consecutive sentences."
 {¶ 4} We find that this case is controlled by the Supreme Court of Ohio's decision in State v. Foster, 109 Ohio St.3d. 1, 2006-Ohio-856, wherein the court held that R.C. 2929.14(B), which relates to non-minimum sentences, and R.C. 2929.14(E)(4), which relates to consecutive sentences, violates theSixth Amendment to the United States Constitution, pursuant to Blakely v. Washington (2004),542 U.S. 296, and Apprendi v. New Jersey (2000), 530 U.S. 466. Having relied on unconstitutional statutes when sentencing appellant, we find that the trial court's sentence must be vacated and this case remanded for resentencing. Foster at ¶ 103 and ¶ 104.
 {¶ 5} Appellant, however, additionally argues that the remedy that was adopted by the court in Foster, the severance of particular portions of Ohio's sentencing scheme, violates both the Due Process Clause of theFourteenth Amendment to the United States Constitution and the ban against ex post facto laws as found in Section 10,Article I of the United States Constitution, and should not be applied to offenses occurring prior to the release date of Foster. In remanding this case for resentencing, appellant argues that, in accordance with Miller v.Florida (1987), 482 U.S. 423, this court must additionally order the trial court to sentence appellant to the minimum sentence available for each offense, to be served concurrently.
 {¶ 6} Because appellant has not been resentenced in accordance withFoster, we find that any question regarding the Ohio Supreme Court's alleged constitutional violations in severing portions of Ohio's sentencing guidelines, and in applying Foster to offenses occurring prior to its release date, are premature and not yet decisional. SeeState v. Lathan, 6th Dist. No. L-03-1188, 2006-Ohio-2490, ¶ 12; andState v. Wood, 6th Dist. No. L-05-1420, 2006-Ohio-4910, ¶ 7.
 {¶ 7} Appellant's sole assignment of error is therefore found well-taken to the extent indicated herein. The judgment of the Lucas County Court of Common Pleas is therefore reversed and this matter is remanded to the trial court for a new sentencing hearing in accordance with Foster, supra.
 {¶ 8} The state is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, J., Arlene Singer, P.J., CONCUR.
 This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.
[1] Appellant had originally been sentenced on October 19, 2000, but due to sentencing errors, not related to Foster, infra, the trial court was ordered to resentence appellant. State v. Harwell,102 Ohio St.3d 128, 2004-Ohio-2149.