DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Huron County Court of Common Pleas which sentenced defendant-appellant, Cedric Harris, to 18 months in prison after Harris pled guilty to an amended count of attempted abduction, a fourth degree felony. Harris now challenges his sentence through the following assignment of error:
 {¶ 2} "I. The trial court erroneously imposed a sentence that exceeded the minimum and concurrent terms of imprisonment on the basis of findings made by the trial judge pursuant to a facially unconstitutional statutory sentencing scheme."
 {¶ 3} Upon review, we find that this case is controlled by the Supreme Court of Ohio's decision in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. In Foster, the court held that R.C. 2929.14(B),2929.14(C) and 2929.14(E)(4) violate the Sixth Amendment to the United States Constitution pursuant to Blakely v. Washington (2004),542 U.S. 296, and Apprendi v. New Jersey (2000), 530 U.S. 466. Because the trial court relied on unconstitutional statutes in sentencing appellant, we find that the sentence imposed by the trial court is void and must be vacated. Foster, supra, ¶ 103-104. The sole assignment of error is well-taken.
 {¶ 4} Appellant further asserts, however, that the Supreme Court of Ohio's remedy in Foster, the severance of the offending portions of the sentencing statutes and resentencing under the remaining portions, violates his constitutional guarantee of due process and against ex post facto laws. Appellant asserts that upon remand, the trial court is limited to sentencing him to a minimum term concurrent to the term he is already serving on a case from Richland County.
 {¶ 5} We recently addressed this very issue in State v. Lathan, 6th Dist. No. L-03-1188, 2006-Ohio-2490, ¶ 12, in which we held that "any question of the Ohio Supreme Court's alleged constitutional violations in severing certain portions of Ohio's Sentencing Guidelines [is] not ripe for review" because the defendant had not yet been resentenced. See, also, State v. Wood, 6th Dist. No. L-05-1420, 2006-Ohio-4910. In accordance with Lathan and Wood, we similarly reject the issue as raised by appellant herein.
 {¶ 6} On consideration whereof, this court finds that the Huron County Court of Common Pleas erred in sentencing appellant. The trial court's judgment of sentence is hereby reversed, the sentence is vacated, and the case is remanded to the trial court for resentencing in accordance with Foster. The state is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Huron County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J.
Mark L. Pietrykowski, P.J.
George M. Glasser, J.
CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.