JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-Appellant, Kiawanna Harris ("Harris"), appeals her convictions and sentence. Finding some merit to the appeal, we affirm her convictions, but vacate her sentence and remand the case for resentencing.
 {¶ 2} In 2005, Harris was charged with two counts of aggravated robbery and two counts of felonious assault. The matter proceeded to a jury trial, at which she was found guilty of all charges. The court sentenced her to five years in prison on each count, to run concurrently. The following evidence was presented at trial.
 {¶ 3} The victim, Claude Stolkowski ("Stolkowski"), returned home from work and observed two individuals, whom he did not recognize, sitting on his front porch. He asked the male, later identified as Karyle Hagwood ("Hagwood"), why he was on his porch. Hagwood responded that he needed to borrow a flashlight and a screwdriver to repair his truck. Stolkowski told Hagwood that he could not help him, and Hagwood left.
 {¶ 4} Stolkowski entered his home and called for his girlfriend, co-defendant, Rosetta Harris-Powers ("Harris-Powers").[1]
Harris-Powers acknowledged that the two people on the porch had also asked her for assistance, but she refused. Shortly thereafter, Harris phoned her mother. Harris-Powers told Stolkowski that Harris was coming to the house. As Stolkowski opened his backyard gate for Harris, Hagwood confronted Stolkowski and struck him in the head with a hammer. Hagwood then forced his way into Stolkowski's home, and Harris also came inside. Hagwood demanded money and took Stolkowski's cell phone, money, wallet, and gold chain. Hagwood then left the house and Stolkowski ran to the neighbors to call police. When Stolkowski returned home, Harris drove up the driveway and told him that she had attempted to follow Hagwood. However, the police discovered Hagwood and all of the stolen items in the back seat of the car driven by Harris. Harris and Hagwood were arrested at the scene. Harris now appeals, raising four assignments of error.
 {¶ 5} In her first assignment of error, Harris argues that there was insufficient evidence to sustain her conviction. In her second assignment of error, she argues that her conviction is against the manifest weight of the evidence. Although they involve different standards of review, these assignments of error will be discussed together as they involve the same evidence.
 {¶ 6} A challenge to the sufficiency of the evidence supporting a conviction requires a court to determine whether the State has met its burden of production at trial. State v. Thompkins, 78 Ohio St.3d 380,390, 1997-Ohio-52, 678 N.E.2d 541. On review for sufficiency, courts are to assess not whether the State's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction. Id. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
 {¶ 7} In evaluating a challenge to the verdict based on the manifest weight of the evidence, a court sits as the thirteenth juror and intrudes its judgment into proceedings that it finds to be fatally flawed through misrepresentation or misapplication of the evidence by a jury that has "lost its way." State v. Thompkins, supra at 38. As the Ohio Supreme Court declared:
 "Weight of the evidence concerns `the inclination of the greater amount of credible evidence offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.' * * *
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Id.
 {¶ 8} In State v. Bruno, Cuyahoga App. No. 84883, 2005-Ohio-1862, we stated that the court must be mindful that the weight of the evidence and the credibility of witnesses are matters primarily for the trier of fact. A reviewing court will not reverse a verdict where the trier of fact could reasonably conclude from substantial evidence that the prosecution proved the offense beyond a reasonable doubt. State v.DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus; State v. Bey (1978), 56 Ohio St.2d 169, 383 N.E.2d 132. Moreover, in reviewing a claim that a conviction is against the manifest weight of the evidence, the conviction cannot be reversed unless it is obvious that the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Ganow(1995), 103 Ohio App.3d 368,370-371, 659 N.E.2d 814.
 {¶ 9} In the instant case, Harris was charged with two counts of aggravated robbery pursuant to R.C. 2911.01 (A)(1) and R.C.2911.01 (A)(3), which provide:
 "No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:
 Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it; * * *
 Inflict, or attempt to inflict, serious physical harm on another."
 {¶ 10} Harris was also indicted on two counts of felonious assault pursuant to R.C. 2903.11(A)(1) and R.C.2903.11(A)(2), which provides that:
 "No person shall knowingly do either of the following:
 Cause serious physical harm to another or to another's unborn;
 Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance."
 {¶ 11} Harris argues that there was insufficient evidence to support the aggravated robbery and felonious assault convictions because Hagwood hit Stolkowski with the hammer, and the evidence failed to show she aided and abetted. We disagree.
 {¶ 12} Under the complicity statute, R.C. 2923.03, the accused may be charged as an offender for the offense committed. Hagwood testified that Harris and Harris-Powers met with him to plan the robbery of Stolkowski. Harris drove Hagwood to Stolkowski's home and waited with Hagwood for Stolkowski. According to the evidence presented at trial, Harris and Hagwood initially waited in Stolkowski's backyard and then sat on Stolkowski's front porch waiting for Stolkowski to return home. When that plan failed, Harris and Hagwood returned to Stolkowski's home and confronted him outside. Harris was present when Hagwood struck Stolkowski with the hammer and robbed him inside his home. Further, Harris drove the car to pick up Hagwood after he robbed Stolkowski, and she discussed with him how to divide Stolkowski's money and credit cards. The evidence also shows that Harris returned to Stolkowski's home with Hagwood hiding in the back seat, where police discovered him and the stolen property.
 {¶ 13} Harris claims that Hagwood's testimony is not credible because Hagwood entered into a plea bargain with the State and also admitted his cocaine addiction and intoxication at the time of the incident. When an accomplice testifies on behalf of the State in exchange for a plea agreement, as Hagwood did in the instant case, there is a possibility that the accomplice's testimony may be self-serving and biased. Therefore, R.C. 2923.03(D) requires that the court give the jury a special instruction on the credibility of accomplices.
 {¶ 14} R.C. 2923.03(D) requires the trial court to instruct the jury as follows:
 "The testimony of an accomplice does not become inadmissible because of his complicity, moral turpitude, or self-interest, but the admitted or claimed complicity of a witness may affect his credibility and make his testimony subject to grave suspicion, and require that it be weighed with great caution.
 It is for you, as jurors, in the light of all the facts presented to you from the witness stand, to evaluate such testimony and to determine its quality and worth or its lack of quality and worth."
 {¶ 15} In the instant case, the court provided the appropriate cautionary instruction regarding Hagwood's testimony. The jury believed Hagwood and found Harris guilty. In viewing the evidence in the light most favorable to the prosecution, we conclude that Harris' convictions are supported by sufficient evidence. We also find that the jury did not lose its way and create such a manifest miscarriage of justice as to require reversal of the convictions. Therefore, the first and second assignments of error are overruled.
 {¶ 16} In her third assignment of error, Harris argues that she was denied a fair trial by the detective's improper testimony. Harris claims that the State was permitted to bolster Hagwood's testimony through Detective Pochatek's opinion concerning Hagwood's truthfulness. Harris argues that this conduct was improper, egregious, and prejudicial.
 {¶ 17} Our review of the record reveals that the State did not use Detective Pochatek's testimony for the purpose of bolstering Hagwood's testimony or to comment on Hagwood's veracity as Harris maintains. Rather, the testimony was elicited by the State in response to defense counsel's first questioning Hagwood about his prior statement. The State asked the detective whether Hagwood's statement matched his testimony.
 {¶ 18} Evid.R. 801(D)(1)(b) provides that:
"A statement is not hearsay if:
 Prior statement by witness. The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is * * * (b) consistent with his testimony and is offered to rebut an express or implied charge against him of recent fabrication or improper influence or motive." * * *
 {¶ 19} In the instant case, Hagwood was thoroughly cross-examined about his role in the incident and about the statement he gave to the police. Detective Pochatek was also cross-examined as to the consistency between Hagwood's statement and testimony. Subsequently, the State was permitted to question Detective Pochatek about Hagwood's prior statements. We find nothing inappropriate about the detective's testimony. The detective never commented on Hagwood's truthfulness. Therefore, the third assignment of error is overruled.
 {¶ 20} In her fourth assignment of error, Harris challenges her sentence. She argues that the court erred when it sentenced her to more than the minimum prison term. Harris also argues that State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470, requires that her sentence be vacated and the case be remanded for resentencing. The State conceded at oral argument that the instant case requires resentencing.
 {¶ 21} In February 2006, the trial court imposed a five-year sentence pursuant to R.C. 2929.14(B). In Foster, supra at ¶¶ 61, 64, and 67, the Ohio Supreme Court held that judicial fact-finding to overcome the minimum sentence or to impose the maximum or a consecutive sentence is unconstitutional in light of Blakely. The Foster court also severed and excised, among other statutory provisions, R.C. 2929.14(B), because imposing more than the minimum sentence requires judicial fact-finding.Foster, supra, applying United States v. Booker (2005), 543 U.S. 220,125 S.Ct. 738, 160 L.Ed.2d 621; Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403, and Apprendi v. New Jersey (2000),530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435. "After the severance, judicial fact-finding is not required before a prison term may be imposed within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant." Id. at ¶ 99. As a result, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings and give reasons for imposing maximum, consecutive or more than the minimum sentence." Foster, supra at paragraph seven of the syllabus, State v.Mathis, 109 Ohio St.3d 54, 2006- Ohio-855, 846 N.E.2d 1, paragraph three of the syllabus.
 {¶ 22} In the instant case, the trial court found that pursuant to R.C. 2929.14(B), a minimum sentence would demean the seriousness of the offense. Because the trial court relied upon an unconstitutional portion of the statute in imposing Harris' sentence, this court must vacate the sentence and remand the matter for resentencing in accordance withFoster. See Foster, supra, at ¶¶ 103-106.
 {¶ 23} Harris further argues that Foster violates her right against ex post facto legislation. This argument is premature because Harris has yet to be sentenced under Foster. See State v. Rady, Lake App. No. 2006-L-012, 2006-Ohio-3434; State v. Pitts, Allen App. No. 01-06-02,2006-Ohio-2796; State v. Lathan, Lucas App. No. L-03-1188,2006-Ohio-2490; State v. Sanchez, Defiance App. No. 4-05-47,2006-Ohio-2141; State v. McKercher, Allen App. No. 1-05-83,2006-Ohio-1772. Thus, Harris' fourth assignment of error is sustained in part and overruled in part.
 {¶ 24} Accordingly, we affirm the convictions, but vacate the sentence and remand for resentencing.
It is ordered that appellant and appellee bear their own costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for resentencing.
FRANK D. CELEBREZZE, JR., A.J. and MELODY J. STEWART, J. CONCUR.
[1] Hagwood later testified that Harris was with him on the porch. Harris is the daughter of Harris-Powers, whose conviction is being appealed in Case No. 87921.