DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, which found appellant guilty, following a no contest plea. Because we conclude that the trial court committed no prejudicial error and sentencing did not violate appellant's constitutional rights, we affirm. *Page 2 
 {¶ 2} On May 12, 2006, appellant, Sharmar Wilder, was indicted for unlawful sexual conduct with a minor, in violation of R.C. 2907.04(A) and (B)(3), a third degree felony. On May 31, 2006, appellant was referred to the Court Diagnostic and Treatment Center for an evaluation of his competency to stand trial. On June 6, 2006, Mark S. Pittner, Ph.D., conducted the evaluation and concluded that appellant was attempting to present himself as ignorant or uneducable. Based on the conclusion that Wilder was "malingering," Dr. Pittner found that appellant was able to understand the nature and objectives of the proceedings being brought against him and would be capable in assisting in his own defense.
 {¶ 3} On June 28, 2006, appellant's counsel requested a second opinion, submitting a report from a psychological assessment conducted at the University of Toledo in January 1995, when appellant was 12 years old. ("UT report"). That report concluded that appellant was "intellectually deficient" with an IQ of 55 to 67. The UT assessment was conducted to assist appellant to become eligible for social security disability benefits.
 {¶ 4} The court granted appellant's request, and in July 2006, appellant was evaluated for a second time at the Court Diagnostic and Treatment Center by Thomas G. Sherman M.D. Dr. Sherman again found appellant to be "malingering." Dr. Sherman noted that appellant appeared to feign ignorance regarding the difference between felonies and misdemeanors at one point, but at a later time, appellant volunteered information that he had been on probation for "little stuff, misdemeanor stuff." Dr. *Page 3 
Sherman further noted that appellant spontaneously brought up such issues as plea bargaining, probation, probation violations and using privately retained counsel instead of a public defender. Dr. Sherman concluded, based on the assessment of specific competency areas, that appellant currently understood the nature and objective of the proceedings against him and was capable of assisting in his own defense.
 {¶ 5} On August 9, 2006, the court conducted a second competency hearing. Dr. Sherman's evaluation was admitted into evidence and the court found appellant to be competent to stand trial. Upon this finding, appellant changed his plea from not guilty to no contest. After engaging appellant in an active colloquy, the court found that appellant was aware of his constitutional rights, understood the nature of the charge, understood the effect of his plea and was aware of the maximum penalty that could be imposed. The court accepted the plea of no contest and found appellant guilty.
 {¶ 6} Under the provisions of R.C. 2950 for sentencing, appellant was again referred to the Court Diagnostic and Treatment Center and was evaluated by Gregory Forgac, Ph.D. On September 6, 2006, the trial court sentenced appellant to a prison term of four years. Based on Dr. Forgac's evaluation, the court classified appellant as a sexually oriented offender.
 {¶ 7} Appellant now appeals that judgment of conviction raising the following three assignments of error: *Page 4 
 {¶ 8} "Assignment of Error I: The trial court abused its discretion when it did not find Wilder to be incompetent to stand trial given Wilder's extremely low IQ. And, the absence of complete factual basis upon which to conclude Wilder was competent. [sic]
 {¶ 9} "Assignment of Error II: Wilder's plea could not have been entered knowingly and competently given his history of retardation.
 {¶ 10} "Assignment of Error III: Wilder's sentence violated the Ex Post Facto Clause of the United States Constitution. And, was also cruel and unusual given the available record from the trial court. [sic]"
 I. {¶ 11} In his first assignment of error, appellant argues that the trial court, due to an incomplete factual basis, abused its discretion in finding him competent to stand trial.
 {¶ 12} R.C. 2945.37(G) provides that:
 {¶ 13} "A defendant is presumed to be competent to stand trial. If, after a hearing, the court finds by a preponderance of the evidence that, because of the defendant's present mental condition, the defendant is incapable of understanding the nature and objective of the proceedings against the defendant or of assisting in the defendant's defense, the court shall find the defendant incompetent to stand trial and shall enter an order authorized by section 2945.38 of the Revised Code."
 {¶ 14} Mental retardation alone is not sufficient to support a claim of incompetence. State v. Beck, 1st Dist. Nos. C-020432, C-020449, C-030062, 2003-Ohio-5838, ¶ 12. A mentally disabled defendant may still be able to understand the charges *Page 5 
against him and assist in his own defense. State v. Bock (1986),28 Ohio St.3d 108, 110. A trial court's finding of competence will not be disturbed if there is reliable, credible evidence supporting such a conclusion. State v. Hicks (1989), 43 Ohio St.3d 72, 79.
 {¶ 15} In this case, at the time of appellant's trial, appellant received the benefit of two separate competency evaluations regarding his mental status. Both evaluations found that appellant understood the nature and objectives of the proceedings against him and that he was capable of assisting in his own defense.
 {¶ 16} Appellant essentially argues that the trial court should have given the highest deference to the UT report, rather than relying on the two recent competency evaluations provided by the Court Diagnostic 
Treatment Center.
 {¶ 17} We cannot say, however, that the UT report, resulting from an evaluation many years before at age 12 for the purpose of determining his eligibility to receive social security benefits, was the best indicator of his current ability to understand the proceedings.
 {¶ 18} Contrary to appellant's argument that the trial court failed to weigh all evidence of appellant's competency to stand trial, the two current evaluations constituted reliable, credible evidence of his competency to stand trial. Therefore, we conclude that the trial court's determination of competency was proper.
 {¶ 19} Accordingly, appellant's first assignment of error is not well-taken. *Page 6 
 II. {¶ 20} In his second assignment of error, appellant argues that, because of his low IQ, he was unable to enter a knowing and competent plea as required by Crim.R. 11(C). We have already determined that appellant was capable of understanding the proceedings. Consequently, we will now determine whether the trial court properly complied with Crim.R. 11 in accepting appellant's no contest plea.
 {¶ 21} In determining whether to accept a no contest or guilty plea, the trial court must determine whether the defendant has knowingly, intelligently, and voluntarily entered the plea. Crim.R. 11(C);State v. Johnson (1988), 40 Ohio St.3d 130, 132-133. To do so, the trial court should engage in a dialogue with the defendant as described in Crim.R. 11(C). State v. Ballard (1981), 66 Ohio St.2d 473, 480. Crim.R. 11(C)(2)(a) requires the trial court to ensure that a defendant understands "the nature of the charge and of the maximum penalty involved." Johnson, supra, at 133.
 {¶ 22} In the present case, the court engaged the defendant in an active colloquy, receiving appropriate answers of "yes sir" and "no sir", when determining whether appellant's no contest plea was knowingly and voluntarily entered. Dialogue between the court and appellant reveals that appellant was aware of the nature of the charges against him, aware of the possible penalties involved, aware of the effect of his plea and aware that he was waiving his rights to trial.
 {¶ 23} Appellant contends that his response to the court's inquiry regarding probation, noted as follows, required a more probing dialogue. *Page 7 
 {¶ 24} "THE COURT: Are you on probation, parole or community control for any other charges right now?
 {¶ 25} "DEFENDANT: "Yes, sir, probation.
 {¶ 26} "COURT: And where is that from?
 {¶ 27} "DEFENDANT: Academic, Municipal Court."
 {¶ 28} However, the court immediately addressed any possible confusion regarding probation with the following two questions and answers:
 {¶ 29} "COURT: Toledo Municipal Court?
 {¶ 30} "DEFENDANT: Yes, sir.
 {¶ 31} "COURT: All right, do you understand that by pleading to this charge, you could end up in violation of your probation in Municipal Court and even if I do not send you to the penitentiary on this case, and the Judge in that case could actually go ahead and decide to enforce that sentence, which could lead to your incarceration; do you understand that?
 {¶ 32} "DEFENDANT: Yes, sir."
 {¶ 33} Appellant expressed himself clearly on the record and engaged in meaningful discussions with the court. We conclude, therefore, that the trial court's colloquy complied with the requirements of Crim.R. 11(C).
 {¶ 34} Accordingly, appellant's second assignment of error is not well-taken. *Page 8 
 III. {¶ 35} In his third assignment of error, appellant argues that his sentence is cruel and unusual as well as violative of the Ex Post Facto Clause of the United States Constitution. Appellant argues that the imposition of a four year prison term is "grossly excessive" and also asks this court to review the sentence under State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856.
 {¶ 36} A sentence falling within the terms of a valid statute is not considered cruel and unusual unless the sanctions would be considered "shocking to any reasonable person" or "almost unthinkable in a civilized society." McDougle v. Maxwell (1964), 1 Ohio St.2d 68, 69-70. Conviction of unlawful sexual conduct with a minor is a third degree felony. R.C. 2907.04(A) and (B)(3). Pursuant to R.C. 2929.14(A)(3), the court is permitted to impose a prison term of one to five years.
 {¶ 37} In this case, appellant was found guilty of unlawful sexual conduct with a minor after engaging in sexual intercourse with a 13 year-old girl when he was 24 years old. Prior to sentencing, the court took note of the problematic nature of the age difference between appellant and the victim, the young age of the victim, and the nature of the offense itself. Taking these facts into account, appellant's sentence cannot be found to be so disproportionate as to shock the conscience of the community. Therefore, since appellant's four year prison sentence falls squarely within the designated statutory range, we cannot say that it constituted cruel and unusual punishment. *Page 9 
 {¶ 38} We now turn to appellant's argument that his sentence violated the Ex Post Facto Clause of the United Stated Constitution, as addressed by Foster, supra. A remand for resentencing pursuant to Foster is required when the trial court makes an independent finding of fact during sentencing following the unconstitutional guidelines of R.C.2929.14(B), (C), (D)(2)(b),(D)(3)(b), (E)(4) and 2929.19(B)(2).After Foster, however, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Foster, supra, at paragraph seven of the syllabus. Appellant argues that his sentence violates the Ex Post Facto Clause, and correctly notes that we have stated that where a case is remanded for resentencing, this claim is not ripe for review. SeeState v. Wood, 6th Dist. No. L-05-1420, 2006-Ohio-4910, ¶ 7. State v.Lathan, 6th Dist. No. L-03-1188, 2006-Ohio-2490, ¶ 12.
 {¶ 39} Since appellant's sentencing is unaffected by Foster, no remand for resentencing is required. Since the filing of appellant's brief, however, we have also determined that no due process rights are implicated or affected by Foster. State v. Coleman, 6th Dist. No. S-06-023, 2007-Ohio-448, ¶ 19. Although courts must still consider the purposes of R.C. 2929.11 and 2929.12 when imposing sentencing, definite or express articulations of those considerations are not necessary conditions precedent to the imposition of a greater-than-minimum sentence. Id.
 {¶ 40} In the immediate case, the trial court did not make any independent findings of fact when imposing appellant's four year prison sentence which was within *Page 10 
the statutory limits for his offense. Therefore, appellant's sentence was unaffected by Foster and it does not violate the Ex Post Facto Clause of the United States Constitution.
Accordingly, appellant's third assignment of error is not well-taken.
 {¶ 41} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., William J. Skow, J., Thomas J. Osowik, J. CONCUR. *Page 1