JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant Kiawanna Harris appeals from the sentence imposed, following remand, for her convictions for aggravated robbery and felonious assault. For the reasons set forth below, we affirm.
 {¶ 2} On June 3, 2005, defendant was indicted for two counts of aggravated robbery and two counts of felonious assault. Defendant pled not guilty and the matter proceeded to a jury trial on January 24, 2006. The following evidence presented at trial was as follows:
 {¶ 3} "The victim, Claude Stolkowski ("Stolkowski"), returned home from work and observed two individuals, whom he did not recognize, sitting on his front porch. He asked the male, later identified as Karyle Hagwood ("Hagwood"), why he was on his porch. Hagwood responded that he needed to borrow a flashlight and a screwdriver to repair his truck. Stolkowski told Hagwood that he could not help him, and Hagwood left.
 {¶ 4} "Stolkowski entered his home and called for his girlfriend, co-defendant, Rosetta Harris-Powers ("Harris-Powers"). Harris-Powers acknowledged that the two people on the porch had also asked her for assistance, but she refused. Shortly thereafter, Harris phoned her mother. Harris-Powers told Stolkowski that Harris was coming to the house. As Stolkowski opened his backyard gate for Harris, Hagwood confronted Stolkowski and struck him in the head with a hammer. Hagwood then forced his way into Stolkowski's home, and Harris also came inside. Hagwood *Page 4 
demanded money and took Stolkowski's cell phone, money, wallet, and gold chain. Hagwood then left the house and Stolkowski ran to the neighbors to call police. When Stolkowski returned home, Harris drove up the driveway and told him that she had attempted to follow Hagwood. However, the police discovered Hagwood and all of the stolen items in the back seat of the car driven by Harris."
 {¶ 5} See State v. Harris, Cuyahoga App. No. 87914, 2007-Ohio-289.
 {¶ 6} On February 27, 2006, the Ohio Supreme Court decided State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, and declared unconstitutional those provisions of the felony sentencing statutes which required "judicial fact-finding" before the court could impose more than a minimum sentence, maximum sentence, or consecutive sentence. Id. at paragraphs one and three of the syllabus. The Foster Court severed these statutes, R.C. 2929.14(B), (C), and (E)(4) and held that the code provisions which "* * * either create presumptive minimum or concurrent terms or require judicial fact-finding to overcome the presumption, have no meaning now that judicial findings are unconstitutional[.]" Id. at P97. Thus, "[a]fter the severance, judicial fact-finding is not required before a prison term can be imposed within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant." Id.
 {¶ 7} Within her direct appeal, defendant challenged the weight and sufficiency of the evidence supporting her convictions. She also asserted that one of the state's witnesses improperly bolstered testimony and that her sentence was *Page 5 
unlawful. We affirmed the convictions, but vacated the sentence and remanded for resentencing pursuant to the Ohio Supreme Court's decision in State v. Foster, supra.
 {¶ 8} On March 20, 2007, the trial court held a resentencing hearing in this matter and imposed five-year concurrent terms for all offenses. Defendant now appeals and advances one assignment of error for our review:
 {¶ 9} "The trial court erred by ordering Appellant to serve more than the minimum sentence."
 {¶ 10} Defendant argues that, since her criminal conduct pre-dates the decision in Foster, ex post facto and due process protections barred application of Foster to this matter on resentencing. This court has repeatedly rejected this claim of error. See State v. Tenbrook, Cuyahoga App. No. 89424, 2008-Ohio-53; State v. Sharp, Cuyahoga App. No. 89295,2007-Ohio-6324; State v. Mallette, Cuyahoga App. No. 87894,2007-Ohio-715.
 {¶ 11} As explained in Mallette, the remedial holding ofFoster did not violate the defendant's due process rights or the ex post facto principles of the United States Constitution because:
 {¶ 12} "Mallette [the defendant] had notice that the sentencing range was the same at the time he committed the offenses as when he was sentenced. Foster did not judicially increase the range of his sentence, nor did it retroactively apply a new statutory maximum to an earlier committed crime, nor did it create the possibility of *Page 6 
consecutive sentences where none existed." Id.
 {¶ 13} The assignment of error is therefore without merit.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ANTHONY O. CALABRESE, JR., P.J., and MELODY J. STEWART, CONCUR *Page 1