[Cite as *State v. Wood*, 2014-Ohio-3966.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                              Court of Appeals No. L-14-1114

      Appellee                                      Trial Court No. CR0200502762

v.

Jeffrey Wood                                          **DECISION AND JUDGMENT**

      Appellant                                    Decided:  September 12, 2014

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Jeffrey Wood, pro se.

* * * * *

**YARBROUGH, P.J.**

## I. Introduction

{¶ 1} On October 31, 2005, appellant pleaded no contest to two counts of gross

sexual imposition and two counts of rape involving a juvenile.  He was found guilty and

sentenced to 26 years in prison.  In imposing the sentence, the trial court relied on

sentencing statutes that required judicial fact-finding for the imposition of non-minimum and consecutive sentences. Appellant appealed his sentence. During the pendency of the appeal, those statutes were ruled unconstitutional by *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. Consequently, this court reversed based on the trial court's reliance on the excised statutes, and remanded the matter for resentencing. *State v. Wood*, 6th Dist. Lucas No. L-05-1420, 2006-Ohio-4910. On remand, the trial court resentenced appellant to 26 years in prison, this time without making the formerly required statutory findings. Appellant again appealed, and in *State v. Wood*, 6th Dist. Lucas No. L-07-1123, 2008-Ohio-79, we affirmed.

{¶ 2} Five years later, on March 12, 2013, appellant filed a "Supplemental Brief in support of resentencing" in which he argued that he was entitled to resentencing in accordance with H.B. 86. Thereafter, on February 4, 2014, appellant filed a "Motion for Resentencing" in which he sought to clarify his initial filing. In the motion for resentencing, appellant argued that his motion was not a postconviction petition because in it he argued that his sentence was void ab initio for failing to follow the sentencing requirements as written. He contended that he had a liberty interest in receiving minimum, concurrent sentences unless the trial court made the appropriate factual findings. The state opposed both motions.

{¶ 3} The trial court, on April 25, 2014, entered its judgment denying appellant's motions. The court construed appellant's motions as petitions for postconviction relief, and determined that they were untimely and not subject to any exception.

2.

**{¶ 4}** Appellant has appealed the trial court's April 25, 2014 judgment, and now raises the following assignment of error for our review:

> 1.  TRIAL COURT ABUSED DISCRETION WHEN DENYING ACTION WHEN R.C. 2953.23 PERMITS REVIEW OF PETITION FOR POSTCONVICTION RELIEF HEARING AFTER DEADLINE REQUIREMENT PURSUANT TO R.C. 2953.21.

## II. Analysis

**{¶ 5}** In his appeal, appellant appears to concede that his motions were properly construed as postconviction petitions. "Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." *State v. Reynolds*, 79 Ohio St.3d 158, 679 N.E.2d 1131 (1997), syllabus. Here, appellant's motions were filed after his direct appeal and sought to vacate his sentence on the grounds that his liberty interests were violated when the trial court failed to follow the sentencing laws. Thus, his motions are petitions for postconviction relief.

**{¶ 6}** We review a trial court's decision granting or denying a postconviction petition for an abuse of discretion. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58. An abuse of discretion connotes that the trial court's attitude is arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

3.

{¶ 7} A petition for postconviction relief "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction." R.C. 2953.21(A)(2). Here, the trial transcripts were filed in 2006. Thus, appellant's petition is well beyond the 180-day statutory time limit.

{¶ 8} A trial court "may not entertain" an untimely petition for postconviction relief unless the untimeliness is excused. R.C. 2953.23(A). Under R.C. 2953.23(A)(1), the time limit is excused if both (1) it can be shown that either the petitioner was unavoidably prevented from discovering the facts relied on in the claim for relief, or that the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation and the petition asserts a claim based on that right; and (2) the petitioner presents clear and convincing evidence that, but for the constitutional error at trial, no reasonable fact-finder would have found the petitioner guilty.

{¶ 9} In his attempt to satisfy R.C. 2953.23(A)(1), appellant argues that the facts he was prevented from discovering were "[his] transcripts and the information provided at Trial." Notably, appellant does not argue that the United States Supreme Court has recognized a new federal or state right, or that, but for the constitutional error, no reasonable fact-finder would have found him guilty. Instead, appellant states only that his sentence is contrary to law, and that no fact finder with the sentencing provisions as prescribed would have been able to lawfully sentence him to the sentence he received.

4.

{¶ 10} We are not persuaded by appellant's arguments. First, as the state points out, appellant cannot claim that he was prevented from discovering facts from the sentencing hearing at which he was present. Second, appellant has identified no new federal or state right that has been recognized by the United States Supreme Court. Indeed, his arguments center on the application of Ohio sentencing law, which the trial court properly applied based on the current law at the time.[1] Finally, appellant has not shown through clear and convincing evidence that, but for the constitutional error, no reasonable fact-finder would have found him guilty. Therefore, we hold that the trial court did not abuse its discretion in not considering appellant's untimely postconviction petition.

{¶ 11} Accordingly, appellant's sole assignment of error is not well-taken.

### III. Conclusion

{¶ 12} For the foregoing reasons, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

---

[1] Appellant references at several points in his postconviction petitions that he remembers that our court reversed his initial sentence because the findings made by the trial court did not warrant the imposition of consecutive sentences. A plain reading of our decision in *State v. Wood*, 6th Dist. Lucas No. L-05-1420, 2006-Ohio-4910, reveals that appellant's view is patently inaccurate.

5.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Arlene Singer, J.                              _____
                                                          JUDGE

Stephen A. Yarbrough, P.J.

                                               _____
James D. Jensen, J.                                        JUDGE
CONCUR.

                                               _____
                                                          JUDGE


This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.